IN THE UNITED STATES DISTRICT

COURT FOR THE MIDDLE DISTRICT

OF FLORIDA

DON JURAVIN,

Plaintiff,

v.                                                          Case No.:

DENNIS KELLEHER, an individual, PAUL SIMONSON, an individual,
JENNIFER SIMONSON, an individual, JAMES RYAN, an individual,
RYAN LAW GROUP, P.A., a Florida Corporation,
JAMES TIMKO, an individual, DEAN MEAD EGERTON BLOODWORTH
CAPOUANO & BOZARTH PA a Florida Corporation, and THE CLUB AT
BELLA COLLINA, a Florida LLC,

Defendants.
_____/

## COMPLAINT FOR VIOLATION OF RICO, BREACH OF FIDUCIARY DUTY, FRAUD, UNJUST ENRICHMENT, CIVIL CONSPIRACY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ABUSE OF PROCESS, AND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Plaintiff, Don Juravin, acting Pro Se, brings this Complaint against Defendants Dennis Kelleher, Paul Simonson, Jennifer Simonson, James Ryan, Ryan Law Group, P.A., James Timko, Dean Mead Egerton Bloodworth Capouano & Bozarth PA, and The Club at Bella Collina LLC, individually, and alleges as follows:

I. INTRODUCTION

1. This is a civil action seeking damages and equitable relief for Defendants' involvement in unlawful racketeering activities under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and for violations of Florida state laws that have caused substantial harm to the Plaintiff.

II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this case involves federal questions under the RICO statute and the FDCPA. The Court also has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

III. PARTIES

4. Plaintiff Don Juravin is an individual who resided at 15118 Pendio Dr., Bella Collina, FL 34756, from 2015 until August 15, 2024. Plaintiff has suffered damages as a result of Defendants' actions as described herein.

5. Defendant Dennis Kelleher is an individual with a place of business located at 16690 Cavallo Drive, Monteverde, FL 34756. At all times relevant to this complaint, Kelleher acted individually and in his capacity associated with various entities.

6. Defendant Paul Simonson is an individual residing in Lake County, Florida. Simonson is the manager of The Club at Bella Collina and engaged in the conduct complained of herein, both individually and in his capacity associated with The Club at Bella Collina.

7. Defendant Jennifer Simonson is an individual residing in Lake County, Florida. Jennifer Simonson, along with Paul Simonson, owns a company Simonson Holdings LLC, that holds an ownership interest in DCS Real Estate Investments, LLC, thereby creating a significant conflict of interest in the actions described herein.

8. Defendant James Ryan is an individual with a place of business located at 636 US Highway One, Suite 110, North Palm Beach, FL 33408. Ryan served as legal counsel for the Bella Collina Property Owners' Association (BCPOA), The CLUB at Bella Collina, LLC, DCS Real Estate Investments, LLC and Wilmington Financial Services, LLC, as well as for Paul Simonson and was involved in actions against Plaintiff that constitute civil conspiracy, abuse of process, and other unlawful conduct.

9. Defendant Ryan Law Group, P.A. is a Florida Corporation that operates as the law firm of James Ryan. This firm acted in concert with Ryan in the legal actions against Plaintiff.

10. Defendant James Timko is an individual with a place of business located at 420 S Orange Ave, Suite 700, Orlando, FL 32801. Timko served as legal counsel for both the Bella Collina Property Owners' Association (BCPOA), The CLUB at Bella Collina, LLC and DCS Real Estate Investments, LLC, as well as for Paul Simonson, and pursued actions against Plaintiff in a manner that constitutes an abuse of process and civil conspiracy.

11. Dean Mead Egerton Bloodworth Capouano & Bozarth PA is a Florida Corporation that operates as the law firm which employs James Timko. This firm was involved in the legal actions against Plaintiff in a manner consistent with the allegations against James Timko.

12. Defendant The Club at Bella Collina is a Florida LLC that engages in the collection of past-due accounts and other financial obligations from homeowners within the Bella Collina community.

## IV. FACTUAL ALLEGATIONS

13. Beginning in or around 2016, Paul Simonson, James Ryan in concert with others, engaged in a series of deceptive practices and schemes aimed at defrauding and extracting unlawful payments from residents of the Bella

4

Collina community, affecting interstate commerce and constituting a pattern of racketeering activity. Defendant Dennis Kelleher later joined their efforts.

14. Conflict of Interest and Financial Motive: Paul Simonson, along with his wife Jennifer Simonson, owns a company that holds an ownership interest in DCS Real Estate Investments, LLC. This ownership interest provided Simonson with a financial motive to influence the operations of DCS and its dealings with the Bella Collina community in ways that benefited his personal financial interests at the expense of the homeowners, including Plaintiff. (Collective Exhibit 1)

15. Conspiracy and Racketeering: Emails exchanged between Simonson, Ryan, Timko, and other parties show a coordinated effort to manipulate the bankruptcy proceedings involving Plaintiff, including attempts to undervalue his property and acquire his legal claims at a reduced price. These actions were part of a broader pattern of racketeering activity aimed at defrauding Plaintiff and depriving him of his property and legal rights. (Exhibit 2)

16. Defendants engaged in fraudulent misrepresentations concerning the management, maintenance, and financial health of the Bella Collina Property Owners' Association (BCPOA). These misrepresentations were disseminated through various means, including but not limited to emails,

newsletters, and the BCPOA's online portal, all of which constitute use of interstate wire communications.

17. Defendants Kelleher, Simonson, Ryan, and Timko, alongside their co-conspirators, manipulated the BCPOA board election processes and governance structures to maintain control over the association, thereby ensuring their continued ability to perpetrate their fraudulent scheme. This manipulation included the selective enforcement of association bylaws and covenants (<u>Exhibit 3</u>), aimed at silencing dissent and retaliating against those, including Plaintiff, who sought to challenge or expose their unlawful activities.

18. Defendants also failed to provide or obstructed the provision of requested records and documentation to which Plaintiff was entitled as a homeowner, in violation of Florida law. Despite repeated requests, Defendants have failed to comply with their obligations to make these records available, thereby depriving Plaintiff of his legal rights and causing financial and emotional harm.

19. As part of their scheme, Defendants employed tactics of intimidation and harassment against Plaintiff and others who were perceived as threats to their control over the Bella Collina community. These tactics included legal

threats and the filing of frivolous lawsuits, utilizing interstate mail and wire communication services to further their retaliatory objectives. (<u>Exhibit 4</u>).

20. Unfair Debt Collection Practices by The Club at Bella Collina: Separately, The Club at Bella Collina, acting as a "debt collector" under the FDCPA, engaged in practices aimed at coercing payments from Plaintiff, including:
    - Harassing communications with the Plaintiff in an attempt to collect debts allegedly owed;
    - Misrepresenting the amount and legal status of the debt;
    - Failing to provide proper validation notices as required by the FDCPA;
    - Engaging in unfair and deceptive practices in the collection of the debt.

21. The cumulative effect of these actions, sustained over a period of years, has inflicted significant financial damage on Plaintiff, eroding the value of his property investment and imposing unwarranted legal and emotional burdens on him and his family.

V. COUNTS

COUNT I – VIOLATION OF RICO (18 U.S.C. § 1962(c))

22. Plaintiff reincorporates by reference all preceding paragraphs.

23. Defendants, through their actions, constituted an "enterprise" as defined by 18 U.S.C. § 1961(4), engaged in, and whose activities affected, interstate or foreign commerce.

24. Defendants conducted and participated, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, including multiple acts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343.

25. Plaintiff was injured in his business or property by reason of the Defendants' RICO violation, entitling him to recover treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

COUNT II – BREACH OF FIDUCIARY DUTY (Under Florida Law)

26. Plaintiff reincorporates by reference all preceding paragraphs.

27. Defendants Paul Simonson and Dennis Kelleher, by virtue of their positions within The Club at Bella Collina and the Bella Collina Property Owners' Association (BCPOA), owed a fiduciary duty to the members of the association and The Club, including Plaintiff. This duty required them to act in the best interests of the members, with the utmost good faith, fairness, and loyalty.

28. Defendants breached their fiduciary duties by engaging in acts that were self-serving and not in the best interests of the members of The Club and the

BCPOA, including but not limited to the mismanagement of association funds, failure to maintain the community's amenities and infrastructure as promised, and the manipulation of governance structures to retain control.

29. Additionally, Defendant Paul Simonson's financial interest in DCS Real Estate Investments, LLC, created a conflict of interest that further tainted his actions, leading to decisions that favored his financial gain over the interests of BCPOA members.

30. Additionally, Defendant Paul Simonson's financial interest in DCS Real Estate Investments, LLC, created a conflict of interest that further tainted his actions, leading to decisions that favored his financial gain over the interests of the members of The Club and the BCPOA.

COUNT III – FRAUD (Under Florida Law)

31. Plaintiff reincorporates by reference all preceding paragraphs.

34. Plaintiff reincorporates by reference all preceding paragraphs.

35. Defendants, including but not limited to Dennis Kelleher, Paul Simonson, and James Timko, knowingly made false representations and/or failed to disclose material facts to Plaintiff and other members of the Bella Collina Property Owners' Association (BCPOA).

36. Specifically, Defendants misrepresented the allocation of BCPOA dues and fees, the level of services and amenities provided to the community, and the

financial health of the association, among other material aspects of the community management and governance. Plaintiff relied on these misrepresentations and omissions to his detriment, leading to financial and property value losses.

37. As a direct and proximate result, Plaintiff suffered damages in an amount to be determined at trial.

COUNT IV – UNJUST ENRICHMENT (Under Florida Law)

38. Plaintiff reincorporates by reference all preceding paragraphs.

39. Defendants have unjustly enriched themselves at the expense of Plaintiff and other BCPOA members through their control and manipulation of the BCPOA, including the misallocation of association dues and fees and the provision of inadequate services and amenities contrary to what was promised and paid for.

40. Under the principles of equity and good conscience, Defendants should be required to make restitution to Plaintiff and other similarly situated BCPOA members for the unjust enrichment they have received.

COUNT V – CIVIL CONSPIRACY (Under Florida Law)

40. Plaintiff reincorporates by reference all preceding paragraphs.

41. Defendants, along with other unnamed co-conspirators, engaged in a concerted action by agreement to commit unlawful acts, including but not limited to the fraudulent misrepresentation of facts to BCPOA members, breach of fiduciary duties, and unjust enrichment, all intended to maintain their control over Bella Collina and to suppress dissent within the community.

42. As a direct and proximate result of this conspiracy, Plaintiff has sustained damages and is entitled to relief.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Paul Simonson)

43. Plaintiff reincorporates by reference all preceding paragraphs.

44. The actions taken by Paul Simonson, including the aggressive and hostile communications, as well as the strategies discussed to harm Plaintiff financially and personally, were extreme and outrageous.

45. These actions were intended to cause, and did in fact cause, severe emotional distress to Plaintiff.

46. Plaintiff has suffered significant emotional harm as a result, entitling him to damages.

COUNT VII – ABUSE OF PROCESS (Against Paul Simonson, Dennis Kelleher, James Ryan, James Timko, and The Club at Bella Collina)

47. Plaintiff reincorporates by reference all preceding paragraphs.

48. Defendants Paul Simonson, Dennis Kelleher, James Ryan, James Timko, and The Club at Bella Collina used the legal process, particularly the bankruptcy proceedings and other legal actions, not for legitimate purposes, but to achieve an ulterior motive of depriving Plaintiff of his property, harassing him, and forcing him out of his home.

49. Defendants Simonson, Kelleher, Ryan, and Timko, with the assistance of The Club at Bella Collina, engaged in a pattern of legal harassment, including the filing of frivolous lawsuits and misuse of bankruptcy proceedings, with the intent to inflict harm on Plaintiff and force him to relinquish his property rights in the Bella Collina community.

50. This misuse of legal processes was done with the intent to harm Plaintiff, and as a result, Plaintiff has suffered damages, including financial losses, emotional distress, and the erosion of his legal rights. (Exhibit 5)

COUNT VIII – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (Against The Club at Bella Collina)

51. Plaintiff reincorporates by reference all preceding paragraphs.

52. Defendant The Club at Bella Collina acted as a "debt collector" as defined by the FDCPA by engaging in the collection of past-due accounts and other financial obligations allegedly owed by the Plaintiff.

53. The Club at Bella Collina violated the FDCPA by:

    - Harassing the Plaintiff with repeated communications that were designed to coerce payment;

    - Misrepresenting the amount and legal status of the debt owed by the Plaintiff;

    - Failing to provide the Plaintiff with a proper validation notice of the debt within the time frame required by the FDCPA;

    - Engaging in deceptive and unfair practices in the collection of the debt.

54. As a direct and proximate result of these violations, the Plaintiff has suffered damages, including emotional distress, financial loss, and other harm.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Don Juravin, respectfully requests that this Court:

1. Award Compensatory Damages: Grant judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial, for the financial losses sustained as a direct result of Defendants' wrongful conduct.

2. **Award Punitive Damages:** In light of Defendants' willful, malicious, and egregious conduct, award punitive damages in an amount sufficient to punish Defendants and deter similar future conduct.

3. **Order for Injunctive Relief:** Issue a permanent injunction enjoining Defendants and their agents, employees, and any person acting in concert with them from:
   - Further violations of the RICO statute;
   - Engaging in conduct constituting breach of fiduciary duty, fraud, unjust enrichment, civil conspiracy, intentional infliction of emotional distress, and abuse of process under Florida law;
   - Engaging in any further violations of the FDCPA;
   - Any attempts to intimidate, harass, or retaliate against Plaintiff or any other members of the BCPOA.

4. **Issue a Declaratory Judgment:** Declare the rights and obligations of the parties, specifically finding that Defendants' actions violated federal and state laws as alleged herein.

5. **Award Costs and Fees:** Order Defendants to pay Plaintiff's costs of litigation, including but not limited to reasonable attorney's fees (to the extent Plaintiff incurs such fees), court costs, and expenses associated with this lawsuit.

6. Disgorgement: Require Defendants to disgorge all profits, benefits, and other compensation obtained through their unlawful conduct, and direct such disgorged funds to be used for the benefit of the BCPOA or as otherwise directed by the Court.

7. Equitable Relief: Grant such other equitable relief as the Court deems just and proper to remedy the harm caused by Defendants' actions, including but not limited to the restoration of Plaintiff to the financial position he would have been in but for Defendants' conduct.

8. Any Further Relief: Grant such other and further relief as the Court may deem just and appropriate under the circumstances.

9. Trial by Jury: Plaintiff further requests a trial by jury on all issues triable as such under the Federal Rules of Civil Procedure.

Dated: August 22, 2024                                      Respectfully submitted,

_____/

Don Karl Juravin /Pro Se/
11437 Linden Depot Dr.
San Antonio, FL 33576
Don@Juravin.com
(813) 810-5100